UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| M.L., a minor child, by and through her parent and next friend, ANGELA HERNDON, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 14-398-DCR |
| V. | ) ) | |
| RACHEL BUFFIN and SHELTER MUTUAL INSURANCE CO., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) | |

*** *** *** ***

For years, Defendant Shelter Mutual Insurance Company ("Shelter") and its insurance adjusters attempted to settle minor children's claims through means inconsistent with Kentucky law. Plaintiff M.L., a minor, was one of these claimants. Defendant Rachel Buffin, an insurance adjuster, and Shelter removed this case from Bourbon Circuit Court on October 15, 2014, based on diversity jurisdiction, arguing that Buffin had been fraudulently joined. [Record No. 1] This matter is pending before the Court on a motion to remand [Record No. 4] filed by M.L. ("Plaintiff"), a minor, by and through her parent and next friend, Angela Herndon. Having fully considered the matter, the Court finds that it lacks jurisdiction because the Plaintiff has a colorable basis for at least one of her claims against Buffin. As a result, this matter will be remanded to the Bourbon Circuit Court.

## I.

The Plaintiff was injured on January 15, 2010, while a passenger in the vehicle that her mother, Herndon, was driving in Bourbon County, Kentucky.  [Record No. 1-1, ¶ 7]  At the time of the accident, the Plaintiff and Herndon were insured under an automobile insurance policy issued by Shelter.   [Record No. 1-1, ¶ 8]   In addition to paying the Plaintiff's medical bills, Shelter's adjuster, Rachel Buffin, attempted to negotiate a settlement of the Plaintiff's claim.  On March 18, 2010, Shelter provided a one page document entitled "Indemifying Release (Minors)" to Herndon  and issued payment of $ 500.00 for the benefit of the Plaintiff, a minor, in consideration for the release.  Buffin "expressly stated that the acceptance . . . would bar any future claims pertaining to the subject accident."  [Record No. 1-1, ¶11]  However, the Plaintiff alleges that no one initiated court approval for the minor settlement or informed Herndon that, without court approval, the claim remained "open and actionable" under KRS § 387.280.  [Record No. 1-1, ¶ 13]

The Plaintiff filed this suit on September 8, 2014, in state court.  [Record No. 1-1]  The Defendants removed the matter to this Court based on federal diversity jurisdiction.  [Record No. 1]  Although Pthe laintiff and Defendant Buffin are citizens of Kentucky, the Defendants argue that Buffin's citizenship should be ignored for diversity purposes because she was fraudulently joined as a party.  [Record No. 1, ¶ 3]  Specifically, the Defendants argue that Buffin may not be subject to personal liability for any of the claims against her, which are: (i) negligence/gross negligence; (ii) fraud in the inducement; (iii) fraud by omission;  (iv)  intentional  infliction  of  emotional  distress;  and  (v)  negligent misrepresentation.  [Record Nos. 1, 1-1 at pp. 12–17]  The Plaintiff filed a motion to remand this case to state court for lack of diversity jurisdiction.  [Record No. 4]  The Plaintiff argued

that Buffin was not fraudulently joined, and alleged that Shelter had failed to show the requisite amount in controversy.  The Plaintiff also seeks to recover for attorney's fees based on the assertion that the action was improperly removed.

## II.

A case filed in state court is removable only if it could have been brought in federal court originally.  *See* 28 U.S.C. § 1441(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005).  For this Court to have jurisdiction under 28 U.S.C. § 1332, there must be complete diversity among the parties – "that is, that no party shares citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).  An exception to the complete-diversity requirement exists where a non-diverse defendant has been fraudulently joined.  *See Caudill*, 200 F.3d at 916.  A case need not be remanded as the result of fraudulent joinder if there is no "reasonable basis" to expect that the plaintiff's claims against the non-diverse defendant could succeed under state law.  *Coyne*, 183 F.3d at 493 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994)).  Although the plaintiff's actual motive is irrelevant to the fraudulent joinder inquiry, *Jerome-Duncan, Inc. v. Auto-By-Tel Mktg. Corp.*, 176 F.3d 904, 907 (6th Cir. 1999), if "the plaintiff has no hope of recovering against the non-diverse defendant, the court infers that the only possible reason for the plaintiff's claim against [that defendant] was to defeat diversity and prevent removal." *Smith v. SmithKline Beecham Corp.*, No. 11-56-ART, 2011 WL 2731262, at *5 (E.D. Ky. July 13, 2011);  *See Saltire Industrial Inc. v. Waller, Lansden, Dortch, & Davis, PLLC*, 491 F.3d 522, 530 (6th Cir. 2007).

In cases of fraudulent joinder, the Court "must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the nonremoving party," and "[a]ll

-3-

doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493 (internal quotation marks omitted).  The removing party bears the "heavy" burden of establishing fraudulent joinder.  *Walker*, 443 F. App'x at 953; *Alexander*, 13 F.3d at 949.

## III.

### A.    Motion to Remand

Despite laudable efforts by the Defendants in this case, this matter will be remanded. The Defendants argue that Buffin may not be subject to personal liability for any of the claims against her, namely: (i) negligence/gross negligence; (ii) fraud in the inducement; (iii) fraud by omission; (iv) intentional infliction of emotional distress; and (v) negligent misrepresentation.  They assert that bad faith is the only standard applicable to claims against insurance companies under Kentucky law.  Thus, no claim for negligence may lie against Shelter or Buffin. In support, the Defendants cite two cases in which Kentucky courts found that insurance companies could not be liable for negligently failing to settle claims.  *Georgia Cas. Co. v. Mann*, 46 S.W.2d 777 (Ky. 1932); *Harvin v. United States Fid. & Guar. Co.*, 428 S.W.2d 213, 215 (Ky. 1968).  In *Mann*, the Court of Appeals of Kentucky, the highest state court at the time, rejected a jury instruction that applied a negligence standard and found that there was no liability in the absence of bad faith.  *Mann*, 46 S.W.2d at 780; *see Harvin*, 428 S.W.2d at 215 ("Although some jurisdictions have extended liability in cases of this type so as to permit recovery for negligent failure to settle within the policy limits, we are not persuaded as to the soundness of such a doctrine.  In our view there must be a showing of 'bad faith.'"); *Motorists Mutual Ins. Co. v. Glass*, 996 S.W.2d 437, 451 (Ky. 1997) ("Mere negligent failure to settle within the policy limits or errors of judgment are insufficient to constitute bad faith.").

However, even assuming that an insurance company and adjuster could not be liable for negligence, the Plaintiff has a plausible claim against Buffin for fraud, fraud by omission, or negligent misrepresentation. The Court of Appeals of Kentucky recently addressed claims of fraud and negligent misrepresentation against an insurance company and adjuster for conduct specifically related to the negotiation of a settlement and release. *Abney v. Kentucky Farm Bureau Ins. Co.*, No. 2009-CA-600-MR, 2010 WL 668749 (Ky. App. Feb. 26, 2010). The underlying court and the Court of Appeals addressed the merits of the fraud and negligent misrepresentation claims, rather than disposing of the claims for failure to state a claim. *Id.* Ultimately, the Court of Appeals confirmed summary judgment in favor of the insurance company and adjuster because the plaintiff could not produce sufficient evidence to show that the adjuster knew his statements were false at the time they were made. *Id.* at *3.

The Defendants attempt to distinguish *Abney* and *Peoples' Cent. Transit Lines v. Myers*, 102 S.W.2d 21, 267 Ky. 277 (Ky. 1937), but merely distinguishing these cases is insufficient to demonstrate fraudulent joinder. The Defendants have not shown that Buffin cannot be liable for these claims under Kentucky law. Considering *Abney*, and the Defendants' inability to point to any contrary authority, there is at least a "colorable basis" to predict that the plaintiff may recover against Buffin. *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (citing *Coyne*, 183 F.3d at 493). Because there is a colorable basis to predict that Buffin may be liable on these claims, the Court need not reach the parties' remaining arguments. The burden falls on the removing party to demonstrate fraudulent joinder and, in the absence of authority supporting the Defendants' position regarding these claims, the case will be remanded. *See Coyne*, 183 F.3d at 493.

**B.      Motion for Attorney's Fees**

The Court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Court has discretion to award fees to the opposing party if "the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008). In this instance, the Court cannot conclude that the Defendants lacked an objectively reasonable basis to remove this action.  An insurance adjuster's individual liability under Kentucky law is ambiguous and is in serious need of clarity by those courts.  In the absence of clear legal precedent, and because the Defendants have set forth some reasonable support for their position, the Plaintiff will not be awarded attorney's fees.

**IV.**

For the reasons outlined above, it is hereby **ORDERED** as follows:

1.      The Plaintiff's motion to remand [Record No. 4] is **GRANTED**.

2.      The Plaintiff's motion for attorney's fees [Record No. 4] is **DENIED**.

3.      This action is **REMANDED** to the Bourbon Circuit Court and **STRICKEN** from this Court's docket.

This 19th day of February, 2015.



Signed By:

*Danny C. Reeves*  DCR

United States District Judge